IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01119-CMA-NYW

JOEY RIVERA,

    Plaintiff,

v.

DAVID MALDONADO,
WILLIAM BARTON,
JAMES JOHNSON,
THOMAS LITTLE,
C.O. BAILEY,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before this court on the Motion for Stay (the "Motion" or "Motion to Stay") [Doc. 26] filed on September 15, 2021 by Defendants David Maldonado, William Barton, James Johnson, Thomas Little, and C.O. Bailey (collectively, "Defendants"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated May 24, 2021 [Doc. 9], and the Memorandum dated September 16, 2021. [Doc. 27]. Upon review of the Motion to Stay, the entire court docket, and the applicable case law, this court finds that oral argument will not materially assist in resolving the issues before it. For the following reasons, the Motion to Stay is **GRANTED**.

## BACKGROUND

Plaintiff Joey Rivera ("Plaintiff" or "Mr. Rivera") is an inmate currently in the custody of the Colorado Department of Corrections ("CDOC") and housed at the Colorado State Penitentiary ("CSP") in Canon City, Colorado. *See* [Doc. 18]. Mr. Rivera initiated this

action on April 22, 2021 and filed an Amended Complaint on August 9, 2021. [Doc. 18]. In the Amended Complaint, Mr. Rivera alleges that, while at CSP, he contracted COVID-19. [*Id.* at 9].[1] He alleges that Defendants failed to protect him from contracting the virus, and in so doing, violated his constitutional rights. [*Id.*]. He also claims that Defendants harassed and hazed him after he initiated the prison grievance process to raise complaints about Defendants' treatment. [*Id.* at 10-11]. Accordingly, Mr. Rivera asserts claims arising under 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights. [*Id.* at 4, 17-18]. Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. [*Id.* at 5].

On September 7, 2021, Defendants filed a Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(B)(1) and 12(B)(6) (the "Motion to Dismiss"). [Doc. 24]. In their pending Motion to Dismiss, Defendants seek to dismiss Plaintiff's claims in their entirety, arguing that (1) Plaintiff's claims are jurisdictionally barred because Plaintiff lacks standing to assert his claims; (2) Plaintiff fails to state a claim upon which relief could be granted; and (3) Plaintiff's individual-capacity claims are barred by qualified immunity. *See generally* [*id.*]. Defendants then filed the instant Motion to Stay, seeking to stay this matter pending resolution of their Motion to Dismiss. [Doc. 26]. After the Motion to Stay was referred to the undersigned, [Doc. 20], the court ordered Mr. Rivera to respond to the Motion by October 21, 2021. [Doc. 29]. Mr. Rivera responded in opposition to the Motion to Stay. [Doc. 34]. Although Defendants have not yet filed a reply, the court concludes that it can rule on the motion without a reply. The court thus considers the Parties' arguments below.

---

[1] In referencing filings in this case, the court cites to the page number generated by this court's Electronic Case Filing ("ECF") system, rather than the page numbers assigned by the Parties.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).


Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues. *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

**ANALYSIS**

Defendants seek to stay discovery in the instant action pending resolution of their Motion to Dismiss, arguing that the *String Cheese* factors weigh in favor of a stay. I consider the factors in turn.

<u>Plaintiff's Interest in Proceeding Expeditiously</u>. As to the first *String Cheese* factor, Defendants do not dispute that, like all plaintiffs, Plaintiff here has an interest in proceeding expeditiously and avoiding unnecessary delay in this case. [Doc. 26 at ¶ 10]. However, they argue that "there will be no prejudice if discovery is delayed, and there is no apparent reason why [Plaintiff's] ability to conduct discovery would be affected by a brief delay." [*Id.*].

The court finds that Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). Mr. Rivera alleges that the events in this case occurred in late 2020 and early 2021, *see, e.g.*, [Doc. 18 at 7-8], and with the current case schedule, the case will likely not reach resolution through dispositive motions and/or trial until 2022. However, while Plaintiff has an interest in timely and efficiently pursuing his claims in this matter, the court does not find that—given the other legitimate reasons to stay discovery in this matter set forth below—this interest is so strong as to

outweigh the other factors in this matter. *See Wyers Prod. Grp. v. Cequent Performance Prod., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013) (where the defendant raised "colorable arguments" that the plaintiff lacked standing to bring its claims, recognizing that the plaintiff had an interest in proceeding expeditiously with the case but "find[ing] that this interest [was] overcome by the burden [the defendant] might face if it were forced to proceed with discovery only to have the case dismissed for lack of subject matter jurisdiction"). Thus, the court finds that this factor weighs only slightly against staying discovery.

<u>The Burden on Defendants</u>. As to the second *String Cheese* factor, this court finds that it weighs in favor of a stay. In their Motion to Dismiss, Defendants argue, *inter alia*, that this court lacks subject matter jurisdiction due to Mr. Rivera's lack of standing, [Doc. 24 at 5], and that they are entitled to qualified immunity on the individual-capacity claims. [*Id.* at 22]. Defendants focus on their qualified immunity defense, arguing that their assertion of this defense warrants a stay of discovery here. [Doc. 26 at ¶ 11].

However, the invocation of qualified immunity does not automatically lead to a stay. *Rome v. Romero*, 225 F.R.D 640, 643 (D. Colo. 2004); *Sanchez v. Hartley*, No. 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016). Indeed, although in certain instances, courts may grant a stay of discovery based on the invocation of qualified immunity in a motion to dismiss which would act as a complete defense from suit, *see Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020) (granting motion to stay in part because the pending motion to dismiss asserted qualified immunity and, "if granted, could fully dispose of [the action]" and noting that "good cause may exist to stay discovery if a dispositive motion has been filed that

5

could resolve the case") (citation omitted), the invocation of qualified immunity here, even if successful, would not dispose of all of Plaintiff's claims because he raises at least one official capacity claim.  See [Doc. 18 at 6]; see also Minter v. City of Aurora, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *4 (D. Colo. Feb. 25, 2021) (noting that the defense of qualified immunity "is available to <u>individual</u> defendants named in a § 1983 action" and denying motion to stay where qualified immunity defense would not dispose of entire action) (emphasis added).

However, Defendants also raise a jurisdictional argument, asserting that Plaintiff lacks standing to bring this lawsuit.  See [Doc. 24 at 5]; see also Wilderness Soc. v. Kane Cty., 632 F.3d 1162, 1168 (10th Cir. 2011) (noting that an argument that the plaintiff lacks constitutional standing is a jurisdictional argument).  Courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues."  Clarendon, 2019 WL 1897845, at *2.  While Defendants' qualified immunity argument, even if successful, would not dispose of this entire action, Defendants' arguments as a whole could resolve this matter if successful.  Because Defendant's jurisdictional or immunity arguments, taken together, could fully dispose of Plaintiff's claims, I find that factor two weighs strongly in favor of a stay.  Wyers Prod. Grp., 2013 WL 2466917, at *2.

<u>The Convenience to the Court</u>.  As to the third String Cheese factor, convenience to the court favors a stay.  Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," Arocho v. Nafzinger, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1

6

(D. Colo. Dec. 1, 2008), Defendants here raise jurisdictional and immunity grounds for dismissal of all of Plaintiff's claims.  *See* [Doc. 24].  Given the pending dispositive motion, this court finds that a stay of discovery would conserve judicial resources in that the precise contours of the action—and indeed whether the action survives dismissal at all—would be known before proceeding through discovery.  See *Wyers Prod. Grp.*, 2013 WL 2466917, at *3 (finding that third *String Cheese* factor favored a stay because "any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction").  "All things equal, this court would prefer more certainty as to the claims moving forward which aids in the ability to appropriately frame discovery and assist Parties with any discovery disputes." *Sanchez*, 2020 WL 924607, at *6.  I find that factor three weighs in favor of granting the stay.

<u>Interests of Non-Parties and the Public Interest</u>.  As to the remaining *String Cheese* factors, this court finds that the interests of non-parties and the public are neutral. Defendants do not identify any non-parties who may be affected by a stay in this matter. *See Minter*, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, fourth String Cheese factor was neutral).  Moreover, while the public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation," *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *2 (D. Colo. June 22, 2011), "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020).  The court thus finds that these factors weigh neither in favor nor against a stay of discovery.

In sum, the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of the pending Motion to Dismiss. In so finding, the court does not pass on the merits of the pending Motion to Dismiss or the arguments therein. For the reasons set forth above, the Motion to Stay is **GRANTED**. Discovery in this matter is hereby **STAYED** pending the resolution of the Motion to Dismiss.

## CONCLUSION

Based on the foregoing considerations, **IT IS ORDERED** that:

(1) The Motion for Stay [Doc. 26] is **GRANTED**;

(2) All discovery in this matter is hereby **STAYED** pending resolution of the pending Motion to Dismiss [Doc. 24]; and

(3) Within three (3) business days of the disposition of the pending Motion to Dismiss [Doc. 24], to the extent any claims against the Defendants survive, counsel for Defendants shall **CONTACT** the chambers of the undersigned to schedule a Status Conference to discuss further discovery and scheduling; and

(4) A copy of this Order, marked as legal mail, be sent to the following:

> Joey Rivera, #111286
> Colorado State Penitentiary (CSP)
> P.O. Box 777
> Canon City, CO 81215-0777

> Case Manager for Joey Rivera, #111286
> Colorado State Penitentiary (CSP)
> P.O. Box 777
> Canon City, CO 81215-0777

DATED: November 1, 2021

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge